IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No.: 4:13 CR 77 |
| | § | |
| GARY LEE LAMBERT. | § | |

*United States Courts*
*Southern District of Texas*
*FILED*

JUL 10 2013

David J. Bradley, Clerk of Court

MOTION TO DISMISS INDICTMENT
PURSUANT TO RULE 5, RULE 12
FEDERAL RULES OF CRIMINAL PROCEDURE
AND 18 U.S.C. § 3161 et seq.

**COMES NOW**, Gary Lee Lambert, <u>pro se</u>, (hereinafter referred to as Lambert) files this his Motion To Dismiss Indictment and in support thereof would show the following:

1. Lambert was indicted in this matter for violation of, 18 U.S.C. § 3146(a)(2) (Failure to appear for service of sentence) and for a violation of 18 U.S.C. § 1544 (Misuse of a passport), on February 13, 2013. (See (Exhibit A).

2. The conduct made the basis of the Indictment occurred on July 6, 2011 (Failure to appear) and on July 15, 2011 (Misuse of a passport), the date Lambert <u>returned</u> to the U.S. from Mexico.

3. Lambert through the date of the filing has not made a first appearance in any Court regarding the charges contained in the Indictment, although he has been in custody of the Marshall's Service or the B.O.P. since August 2011.

4. During early August 2011, Lambert was arrested in Little Rock, Arkansas (going to visit his elderly father). Lambert had instructed his lawyer Rosa Eliades to initiate contact with the government to arrange for his surrender, but was arrested before surrender could be accomplished. Lambert has remained in custody of the U.S. Marshall's Service or B.O.P. since his arrest in August 2011, serving the fifty one (51) month prison

sentence ordered in his November 2010 conviction.

5. Lambert has two (2) prior convictions, the first was an immigration law violation resulting in a sentence of one (1) year probation, in 2006. The second prior conviction was from a jury trial finding of guilty in a conspiracy charge under 18 U.S.C. § 371 in November 2010. The United States Court of Appeals for the 5th Circuit characterized Lambert's conspiracy facts as "a close question" but affirmed. United States v. Heard et al 709 F.3d 413 (5th Cir. 2013), 2013 U.S. App. LEXIS 3483. Lambert is currently serving a fifty one (51) month sentence. (Service began in August 2011).

6. On March 27, 2013, a "Detainer" was issued against Lambert (one day after Lambert arrived at the Federal Prison Camp - Beaumont, Texas). The Detainer was served on Lambert on April 10, 2013, (See Exhibit B). Lambert was immediately reclassified by B.O.P. and sent to FCI-Low Beaumont, due to the issuance of the Detainer, where Lambert is current being held.

7. From the date of the Indictment to the filing of this Motion approximately 145 days have expired; from the date of the Detainer more than 91 days have expired. Lambert is prejudiced by the delay in this case in regard to his security level classification with B.O.P. as well as the fact that should he be convicted in this case, the sentencing options in the Judge's discretion are compromised in that the Court could order a sentence under 18 U.S.C. § 1544 to run concurrent to any sentence that Lambert is now serving.

ARGUMENT AND AUTHORITIES

8. Lambert has been in custody since his arrest in August 2011 and his whereabouts was well known to the government in that Lambert was never brought before a Magistrate to be arraigned or to enter a first appearance the Speedy Trial Act clock began to run from the date of the Indictment. United States v. Hill, 2012 U.S. App. LEXIS 17930 (11th Cir. 2012).

9. More than seventy (70) days have expired since the date of the Indictment and the express provisions of 18 U.S.C. § 3161 et seq. have been violated. There are no excludable days from the date of the Indictment through the date of filing this Motion. In such cases as Lambert's the Speedy Trial Act mandates dismissal of the Indictment (Exhibit A pages 2-4); and a dismissal of the "Detainer" filed against Lambert (Exhibit B) is warranted.

10. Lambert requests that the Indictment be dismissed with prejudice against refiling, in that, the Indictment was filed more than sixteen (16) months after Lambert was arrested and incarcerated for the prior 2010 conviction and the conduct charged in the Indictment. Lambert's conduct of offense did not consist of violent conduct, nor did it adversely affect any member of the public. In as much as the government has not sought to timely set this case for trial, and to prosecute the charges, it appears that the application of the sanction, that is, dismissed with prejudice against refiling of the Indictment is warranted. Further Lambert has twice timely asserted his Sixth Amendment right to a Speedy Trial. First, Lambert circled the request for a Speedy Trial on the Detainer "return form" when served by the government agents, in April 2013, second now Lambert timely asserts his Sixth Amendment Speedy Trial right by filing this Motion To Dismiss. See United States v. Carruthers, 458 F.3d Appx 811 (11th Cir. 2012); 2012 U.S. App LEXIS 2834.

11. Lambert has taken no action to toll the Speedy Trial "time clock" under 18 U.S.C. § 3161-3174. Lambert recognizes that this Court may set this Motion for disposition without a hearing and in that regard Lambert requests that the Court take the Motion under advisement, and after due consideration grant the dismissal of the Indictment with prejudice against refiling. See United States v. Stephens, 489 F.3d 647 (5th Cir. 2007); 2007 U.S. App. LEXIS 14014.

CONCLUSION

For the foregoing reasons Lambert respectfully requests that this Honorable Court dismiss with prejudice the Indictment (Exhibit A) in all respects; and to order that the "Detainer" against Lambert be immediately vacated.

Respectfully submitted,

/s/ Gary Lee Lambert, pro se
Gary Lee Lambert
Reg. No. 16405-179
FCI Beaumont Low
P. O. Box 26020
Beaumont, TX 77720

CERTIFICATE OF SERVICE

I, Gary Lee Lambert certify that on July 8, 2013, I deposited this Motion To Dismiss in the FCI Beaumont Low prison mail box for "Legal Mail" along with a separate copy of this Motion To Dismiss to S. Mark McIntyre, AUSA, at 1000 Louisiana Suite 2300, Houston, Texas 77002.

*/s/ Gary Lee Lambert*
Gary Lee Lambert
Reg. No. 16405-179
FCI Beaumont Low
P. O. Box 26020
Beaumont, TX 77720